73 F.3d 365
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Maria SANCHEZ, Defendant-Appellant.
 No. 95-2318.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 15, 1995.*
Decided Dec. 27, 1995.
 
 Before ESCHBACH, MANION and DIANE P. WOOD, Circuit Judges.
 
 Order
 I. Background
 
 1
 Defendant Jose Maria Sanchez was convicted and sentenced on three charges involving drug possession and distribution. His sentence and conviction were affirmed by this Court on appeal. United States v. Sanchez, 32 F.3d 1002 (7th Cir.), cert. denied, 115 S.Ct. 346 (1994). Sanchez then made a motion for a new trial pursuant to Fed.R.Crim.P. 33, on the ground that one of the government's witnesses, Martin Guzman-Pedroza, recanted his testimony two years after he had given it at trial. The district court denied Sanchez's motion, because Guzman's recantation was suspicious, and the evidence against Sanchez, apart from Guzman's testimony, was overwhelming. Sanchez brings the present appeal from this denial of his motion.
 
 II. Analysis
 
 2
 In reviewing a district court's denial of a motion for a new trial, this Circuit applies an abuse of discretion standard. Thus, "[t]he appellate court ... will affirm unless there has been an error as a matter of law or a clear and manifest abuse of discretion." U.S. v. Davis, 604 F.2d 474, 483 (7th Cir.1979) (quoting 2 Charles A. Wright, Federal Practice and Procedure, Sec. 559 at 541-42 (1969)).
 
 
 3
 When a defendant moves for a new trial upon the ground that he was convicted by means of false testimony, we apply a three part test that this Court inaugurated in Larrison v. United States, 24 F.2d 82 (7th Cir.1928). We have reiterated this standard many times since, albeit in a modified form. Under present doctrine, a court should grant a new trial if:
 
 
 4
 (a) The court is reasonably well satisfied that the testimony given by a material witness is false;
 
 
 5
 (b) The jury might have reached a different conclusion absent the false testimony or if it had known that the testimony was false; and
 
 
 6
 (c) The party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial.
 
 
 7
 United States v. Reed, 2 F.3d 1441, 1451 (7th Cir.1993), cert. denied, 114 S.Ct. 898 (1994) (citations omitted).
 
 
 8
 In the present case, Judge Curran denied Sanchez's motion for a new trial, because Sanchez failed to satisfy either of the first two elements of the Larrison test. Because a defendant must meet all three legs of this test in order to obtain a new trial, Sanchez's failure to establish any one of these elements would require the district court to deny his motion. In the present case we conclude that the trial judge did not abuse his discretion in concluding both that Sanchez had failed to establish that Guzman's trial testimony was false, and that the jury would not have come out differently if it had not heard Guzman's testimony or if it knew his testimony was false.
 
 
 9
 A. The District Court did not Abuse its Discretion in Concluding that Guzman's Trial Testimony was not False.
 
 
 10
 Under the Larrison doctrine, before granting a new trial, a court must be "reasonably well satisfied that the testimony given by a material witness is false." Reed, 2 F.3d at 1451; Larrison, 24 F.2d at 87. In the present case, there is a great deal of evidence that is consistent with Guzman's trial testimony. One other witness, Avila, testified that he had direct knowledge of Sanchez's drug transactions, and that Sanchez went by the name "Chema," as Guzman had testified. In addition, Officer Timothy Hanrahan testified that after Sanchez was arrested, he, Hanrahan, searched a truck located at Sanchez's restaurant, where Sanchez was arrested, and found one kilogram of cocaine and several documents containing the name Jose Maria Sanchez.
 
 
 11
 In addition, Guzman did not recant his testimony until two years after the trial. At that time, Guzman expected that he would be released from prison and deported to Mexico, his home country, within six months. Thus, Guzman knew that he probably would not be in the United States at the time Sanchez made a motion for a new trial based upon Guzman's recantation. And, in fact, he had returned to Mexico by the time the district court considered Sanchez's new trial motion.
 
 
 12
 This Court should give great deference to the trial judge's evaluation of whether Guzman's trial testimony was false. The trial judge saw and heard Guzman and the other witnesses testify at trial. Therefore, he is better situated than the members of this Court to make a credibility determination. Given the other evidence that is consistent with Guzman's trial testimony and the factors that make his recantation suspicious, we conclude that the trial judge did not abuse his discretion in determining that Guzman's trial testimony was not false.
 
 
 13
 B. The District Court did not Abuse its Discretion in Concluding that Guzman's Trial Testimony did not Affect the Jury's Verdict
 
 
 14
 Because we conclude that the trial judge was correct in finding that Guzman's trial testimony was not false, its effect on the jury is moot; Sanchez would not be entitled to a new trial irrespective of the force of Guzman's testimony. Nevertheless, we conclude that the trial judge did not abuse his discretion in finding that the other evidence of Sanchez's guilt was so overwhelming that the jury would have reached the same outcome with or without Guzman's testimony.
 
 
 15
 Under Larrison, if a court determines that a witness gave false testimony at trial, it must then inquire whether "the jury might have reached a different conclusion [if it had not heard the testimony in question.]" Id. (emphasis in the original). In addition, we have modified the Larrison test. A trial court must also grant a new trial if the jury might have reached a different conclusion if it knew that a material witness had lied. Reed, 2 F.3d at 1450; U.S. v. Mazzanti, 925 F.2d 1026, 1030 n. 6 (7th Cir.1991) (second emphasis added).
 
 
 16
 Here, the trial judge stated that "[i]n view of [the] overwhelming evidence" of Sanchez's guilt, that Sanchez had "not met his burden of persuading the court" that Guzman's testimony affected the jury's verdict. The judge cited the Avila testimony, as well as the physical evidence against Sanchez. We have already discussed this evidence with respect to the issue of whether Guzman's trial testimony was false. See supra p. 3. As with the issue of whether a witness's trial testimony was false, this Court will give great deference to the trial court's determination of whether a jury would have come out differently but/for the introduction of false testimony. Based upon the evidence in the record, we conclude that the district court exercised its discretion properly upon this issue.
 
 
 17
 The order of the trial court is AFFIRMED.
 
 
 
 *
 This case was originally scheduled for oral argument on November 15, 1995. On November 1, 1995 the parties filed a joint motion, which this Court granted, to waive oral argument. Therefore, this case is submitted upon the briefs and the record